Julianne P. Blanch, USB #6495
Anna M. Paseman, USB #19039
**PARSONS BEHLE & LATIMER**
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: 801.532.1234
Facsimile: 801.536.6111
JBlanch@parsonsbehle.com
APaseman@parsonsbehle.com
ecf@parsonsbehle.com

*Attorneys for Defendants Southern Pacific Railroad Company and Union Pacific Railroad Company*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| NORTHSHORE RAIL SERVICES LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SOUTHERN PACIFIC RAILROAD COMPANY, a Delaware corporation; and UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,<br><br>Defendants. | **NOTICE OF REMOVAL**<br><br>Case No. 2:25-cv-00585<br><br>The Honorable _____<br><br>Magistrate Judge _____ |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH:**

Please take notice that Defendants Southern Pacific Railroad Company ("Southern Pacific") and Union Pacific Railroad Company ("Union Pacific") (collectively, "Defendants"), under 28 U.S.C. §§ 1332, 1441 and 1446, and in compliance with DUCivR 81-1, remove this action from the Second Judicial District Court Weber County, State of Utah, to the United States District Court for the District of Utah, Northern Division (the "State Court Action").

4898-2170-4020.v2

As required by DUCivR 81-2(a)(1)(C), the undersigned states the following grounds for removal and certifies that a copy of the State Court Action docket sheet, the Amended Complaint, and all other existing filings from the State Court Action are attached as Exhibit 1.

## I.   PROCEDURAL BACKGROUND

1.   Plaintiff Northshore Rail Services LLC ("Northshore") commenced the State Court Action on June 2, 2025 by filing a Complaint against Southern Pacific and "Union Pacific Corporation" in the Second Judicial District Court, Weber County, Utah, under the same caption as above and bearing Case No. 250904217.

2.   Northshore filed the Complaint with a twenty-day summons, not a thirty-day summons, likely based upon the false assumption, discussed below, that one of the defendants was a Utah corporation.

3.   The Complaint contained errors such that Defendants could not ascertain the basis for removal. The Complaint named the wrong defendant—the proper defendant was not "Union Pacific Corporation" but "Union Pacific Railroad Company"—and incorrectly alleged that that the wrongly-named defendant was a Utah corporation.

4.   Counsel for Defendants contacted counsel for Northshore regarding these errors. The parties agreed that Northshore would amend the Complaint to correct these errors, and that counsel for Defendants would accept service.

5.   On July 1, 2025, Northshore filed an Amended Complaint, from which Defendants could ascertain the basis for removal. Defendants agreed to accept service of the Amended Complaint and a corresponding Summons the same day, and Northshore filed Defendants' Acceptance of Service the same day.

4898-2170-4020.v2

6.      The Amended Complaint alleges Northshore owns a particular piece of real property in Box Elder County, Utah—although no recorded deed transferring real property to Northshore specifically identifies the real property at issue. Northshore asserts corresponding causes of action for quiet title, adverse possession, and boundary by acquiescence.

7.      Defendants have not filed any responsive pleadings in the State Court Action. This Notice of Removal is filed subject to and without waiver of all of Defendants' defenses concerning this matter.

## II.      DIVERSITY JURISDICTION

8.      Under 28 U.S.C. § 1441(b), a defendant may remove a case from state court to federal court based on diversity jurisdiction, and under § 1332(a)(1), a federal district court may exercise diversity jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.      This Court has jurisdiction over this civil action under 28 U.S.C. § 1332 because (A) there is complete diversity of citizenship and (B) the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A.      Complete Diversity of Citizenship

10.      For purposes of diversity jurisdiction, limited liability companies and limited partnership are citizens of each state where their members or partners are citizens. *Grynberg v. Kinder Morgan Energy Partners L.P.*, 805 F.3d 901, 905–06 (10th Cir. 2015).

11.      For purposes of diversity jurisdiction, individuals are citizens of their places of domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

3

4898-2170-4020.v2

12. For purposes of diversity jurisdiction, trusts can be a citizen of each state where their trustees and/or beneficiaries are citizens. *See Conagra Foods, Inc. v. Americold Logistics LLC*, 776 F.3d 1175, 1181 (10th Cir. 2015), *aff'd*, 577 U.S. 378 (2016).

13. For purposes of diversity jurisdiction, corporations are citizens of their states of incorporation and the states where their principal places of business are located. *Grynberg*, 805 F.3d at 905.

14. Northshore is a Utah limited liability company. Northshore has one member, Northshore Enterprises LLC.

15. Northshore Enterprises LLC is also a Utah limited liability company. It has one member, Utah Texas Asset Holdings LLC.

16. Utah Texas Asset Holdings LLC is a Texas limited liability company. It has the following thirteen members:

    a. J1S Investments Ltd.,

    b. Gut Rock LLC,

    c. Jaguar LLC,

    d. Sandridge Investments LLC,

    e. White Pines Investments LLC,

    f. Harvey J. Frye,

    g. the J1S Trust,

    h. the Tyler Heritage Trust,

    i. the Helen Taylor Heritage Trust,

    j. the Taylor Heritage Trust,

k.  the Stephanie Heritage Trust,

l.  the Fiona Heritage Trust, and

m.  the GFA Trust.

17.    J1S Investments Ltd. is a Texas limited partnership. It has one member, J1S Management LLC.

18.    J1S Management LLC is a Texas limited liability company. It has one member, John T. Jones.

19.    John T. Jones is an individual domiciled in Driftwood, Texas.

20.    Gut Rock LLC is a Texas limited liability company. It has one member, Christopher George.

21.    Christopher George is an individual domiciled in Martindale, Texas.

22.    Jaguar LLC is a Texas limited liability company. It has one member, Jason George.

23.    Jason George is an individual domiciled in Austin, Texas.

24.    Sandridge Investments is a Utah limited liability company. It has two one members, Loralee G. Reid and Chad B. Reid.

25.    Loralee G. Reid is an individual domiciled in Ogden, Utah.

26.    Chab B. Reid is an individual domiciled in Ogden, Utah.

27.    White Pine Investments LLC is a Utah limited liability company. It has one member, Brent M. Kenley.

28.    Brent M. Kenley is an individual domiciled in Ogden, Utah.

29.    Harvey J. Frye is an individual domiciled in Austin, Texas.

5

4898-2170-4020.v2

30. The J1S Trust is a trust formed under Texas law. Its trustee is John T. Jones and its beneficiaries are John T. Jones and Sydney M. Jones.

31. Sydney M. Jones is an individual domiciled in Driftwood, Texas.

32. The Tyler Heritage Trust is a trust formed under Texas law. Its trustee is John T. Jones and its sole beneficiary is Tyler Jones.

33. Tyler Jones is an individual domiciled in Driftwood, Texas.

34. The Helen Taylor Heritage Trust is a trust formed under Texas law. Its trustee is John T. Jones and its sole beneficiary is Helen Jones.

35. Helen Jones is an individual domiciled in Driftwood, Texas.

36. The Taylor Heritage Trust is a trust formed under Texas law. Its trustee is John T. Jones and its sole beneficiary is Taylor Jones.

37. Taylor Jones is an individual domiciled in Driftwood, Texas.

38. The Stephanie Heritage Trust is a trust formed under Texas law. Its trustee and sole beneficiary is Stephanie Jones Shropshire.

39. Stephani Jones Shropshire is an individual domiciled in Driftwood, Texas.

40. The Fiona Heritage Trust is a trust formed under Texas law. Its trustee is Stephani Jones Shropshire and its sole beneficiary is Fiona Jones.

41. Fiona Jones is an individual domiciled in Driftwood, Texas.

42. The GFA Trust is a trust formed under Texas law. Its trustee and sole beneficiary is Jason George.

43. Southern Pacific ceased to exist in 1954, when it merged with Union Pacific's corporate predecessor.

6

44.     Union Pacific is a Delaware corporation with its principal place of business in Omaha, Nebraska.

45.     Because Northshore—through its members—is a citizen of Texas and Utah, whereas Defendants are citizens of Delaware and Nebraska, complete diversity of citizenship exists.

### B.      **Amount in Controversy**

46.     Under Utah Rule of Civil Procedure 26(c)(3), Tier III discovery applies to "[a]ctions claiming $300,000 or more in damages."

47.     The Amended Complaint alleges the case qualifies for Tier III discovery under the Utah Rules of Civil Procedure.

48.     Because Northshore alleges the case qualifies for Tier III discovery, the Amended Complaint satisfies the amount-in-controversy requirement.

## III.    **VENUE**

49.     Under 28 U.S.C. § 1391, venue is proper in "the judicial district in which a substantial part of the events or omissions giving rise to [a plaintiff's] claim occurred, or a substantial part of property that is the subject of the action is situated."

50.     Under 28 U.S.C. § 125, the U.S. District Court, District of Utah's Northern District includes Weber County, Utah and Box Elder County, Utah.

51.     The Amended Complaint alleges Northshore has its principal place of business in Weber County, Utah and Northshore brought the State Court Action in the Second Judicial District Court, Weber County, State of Utah.

4898-2170-4020.v2

52.     The Amended Complaint concerns property located in Box Elder County, Utah.

DATED July 18, 2025.

*/s/ Anna M. Paseman*

Julianne P. Blanch
Anna M. Paseman
PARSONS BEHLE & LATIMER

*Attorneys for Defendants Southern Pacific Railroad Company and Union Pacific Railroad Company*

8

4898-2170-4020.v2